# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FOUSSEYNI DOUMBIA, | : | CIVIL ACTION NO. **1:CV-05-1118** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

On June 1, 2005, Petitioner Fousseyni Doumbia, an inmate at the Schuylkill Federal Correctional Institution in Minersville, Pennsylvania, ("FCI-Schuylkill") filed this Motion for Writ of Mandamus pursuant to 28 U.S.C. § 1651. (Doc. 1).[1] Petitioner also filed a Memorandum in support of his Motion. (Doc. 2). Petitioner filed a motion to proceed *in forma pauperis*. (Doc. 3). Respondent BICE[2] has not yet been served with and has not yet filed its Response to the Motion. We give preliminary consideration to the Motion.

---

[1] Petitioner styled his Petition as a Writ of Mandamus under 28 U.S.C. §1361 and requests the Court to compel BICE to lift its removal/deportation detainer lodged against him. Petitioner is not challenging his underlying criminal conviction, and he does not request the Warden to recalculate his sentence, which would render his Petition as one for a Writ of Habeas Corpus under 28 U.S.C. §2241. (Doc. 1, p. 1). Since Petitioner's Petition does not affect the duration of his custody, we shall not consider it as a Writ of Habeas Corpus under §2241. *See Leamer v. Fauver*, 288 F. 3d 532 (3d Cir. 2002).

[2] We note that on March 1, 2003, the INS was transferred to two bureaus under the Department of Homeland Security, namely, Bureau of Immigration and Customs Enforcement ("BICE") and Bureau of Citizenship and Immigration Services ("BCIS").

**I. Background.**

On December 21, 2000, the Petitioner was sentenced to 70 months imprisonment on the charges of conspiracy to commit bank fraud and bank fraud by the United States District Court for the Southern District of New York. Petitioner's judgment of conviction was affirmed by the Second Circuit Court of Appeals. (Doc. 2, p. 2). Petitioner states that he has a motion under 28 U.S.C. § 2255 pending with the District Court.

On or about September 10, 2002, Petitioner states that BICE lodged a detainer against him, seemingly as a result of his stated criminal conviction. Petitioner states that he sent BICE two notices to remove the detainer against him, one on April 25, 2005, and the second one on May 25, 2005. (*Id.*, p. 2). Petitioner did not receive a response from BICE. Petitioner does not indicate if BICE commenced removal proceedings against him yet by issuing a Notice to Appear ("NTA").

Petitioner then filed the instant Motion for Writ of Mandamus seeking this Court to lift the BICE detainer lodged against him, which was done for purposes of "a possible removal and deportation proceeding on the grounds of movant's [Petitioner's] financial crime conviction which is not a violent crime and does not qualify as 'aggravated felony'." (Doc. 1, p. 1). Thus, Petitioner seeks to challenge the BICE detainer lodged against him for a possible future removal proceeding after he serves his stated federal sentence on the basis that his underlying criminal conviction is a financial crime, and not an aggravated felony which would subject him to removal. Petitioner is essentially attacking a "possible removal and deportation proceeding" which may occur in the future based on his federal conviction, which he claims was not for violent crimes which would

subject him to removal.[3]

Petitioner claims that, as a result of the BICE detainer, he is suffering from collateral consequences such as being precluded from various Bureau of Prisons ("BOP") programs, and that he is unable to benefit from being placed in minimum security custody at a camp or halfway house.[4] Petitioner also challenges his underlying criminal conviction to the extent that he claims

---

[3] Since there has not yet been a removal proceeding initiated against Petitioner, he may not be stating a real case or controversy at this point. In *Spencer v. Kemna*, 523 U.S. 1 (1998), the Supreme Court found that a petitioner's release in and of itself did not render moot his habeas petition. Rather, the Court stated that "[t]he more substantial question ... is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Id*. at 7. In the present case, Petitioner seeks relief, claiming that BICE cannot place a detainer against him for his financial crime conviction and that his conviction "cannot be grounds for a possible removal/deportation." (Doc. 2, p. 3).

Thus, Petitioner claims that he is being unlawfully subject to BICE's detainer since his conviction does not qualify for removal proceedings which have not yet commenced. The question arises now as to whether Petitioner's claim presents an actual case or controversy, since his removal proceedings have not commenced and his conviction has not yet been relied upon by the immigration court to issue a removal order. In *Spencer*, the Court stated that "[t]he parties must continue to have a personal stake in the outcome of the lawsuit. This means that, throughout the litigation, the Plaintiff must have suffered, or be threatened with, an actual injury traceable to the Defendant and likely to be redressed by a favorable judicial decision." *Id*. (Citations omitted). Because Petitioner is not currently being detained awaiting his removal pursuant to a removal order, and he has not yet been ordered removed, Petitioner does not even have an actual case yet to challenge a removal order in the appropriate forums. *See Sadeghi v. Conforti*, 2001 WL 34355650 *1 (E.D. Pa.) ("there was no Article III 'case' or 'controversy' for the court to decide, because deportation proceedings had yet to be initiated").

[4] An inmate has no right to placement in a halfway house. *See Serafini v. Dodrill*, No. 3:CV-04-311 (M.D. Pa. February 11, 2004); *Fagiolo v. Warden Smith*, No. 3:04-148 (M.D. Pa. March 12, 2004). This Court in *Fagiolo* and *Serafini* found that a Petitioner does not have a constitutional or statutory right to confinement in a halfway house.

Further, an inmate has no right to a particular custody status. Petitioner has no recognizable constitutional right to a particular custody status as he seeks, *i.e.,* minimum security

3

it cannot be grounds for BICE to commence a potential removal proceeding against him since it was not for an aggravated felony.[5]

We find that the instant Motion should be dismissed. Petitioner can neither compel BICE to deport him nor compel BICE to commence removal proceedings against him until he completes the service of his underlying custodial federal sentence. Petitioner's request to compel BICE to lift its detainer against him on the basis that his federal conviction was not for an aggravated felony which would subject him to removal proceedings is also barred by 8 U.S.C. § 1231(a)(4)(D).

## II. Discussion.

The Third Circuit in *In Re Nwanze*, 242 F. 3d 521, 524-25 (3d Cir. 2001), quoting an earlier case, stated the following standard with respect to a writ of mandamus:

> [I]n *Hahnemann University Hospital v. Edgar*, 74 F.3d 456, 461 (3d Cir. 1996) (internal citations, brackets, and quotation marks omitted):
>
>> The writ of mandamus is a drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power. Given its drastic nature, a writ of mandamus should **not** be issued where relief may be obtained through an ordinary appeal. Thus, n addition to the jurisdictional prerequisites inherent in the language of [28 U.S.C. §] 1651(a), two additional prerequisites for issuance of a writ are: (1) that petitioner have no other adequate means to attain the desired relief, and (2) that petitioner meet its burden of showing that

---

custody. (Doc. 2, p. 3). *See Wilson v. Horn*, 971 F.Supp. 943, 947 (E.D. Pa. 1997).

[5] 8 U.S.C. § 1226(c) gives the Attorney General authority to take an alien into custody who is deportabale for committing an aggravated felony pursuant to § 1227(a)(2)(A)(iii).

> its right to the writ is clear and indisputable.  Even when
> these prerequisites are met, issuance of the writ is largely
> discretionary, bearing in mind the unfortunate consequences
> of making the judge a litigant and the highly disfavored
> effect of piecemeal appellate review.

The *Nwanze* Court also stated:

> Moreover, as we indicated in *Carteret*, "the clear error
> [justifying the issuance fo the writ] should at least approach
> the magnitude of an unauthorized exercise of judicial power
> [and] [f]inally the party seeking the relief must have no other
> adequate means to attain the desired relief."  919 F.2d at 232-33
> (internal citations, brackets, and quotation marks omitted ).

*Id.* at 525.

In the present case, Petitioner will have other adequate means to seek his requested relief, *i.e.* a determination that his federal conviction was not for an aggravated felony which would subject him to removal proceedings by BICE.[6]  Once the removal proceeding is initiated by the filing of an NTA, Petitioner can present his stated claim to an Immigration Judge ("IJ").  If Petitioner receives an adverse decision from the IJ, namely a removal order, he can then appeal to the Board of Immigration Appeals ("BIA").  If the BIA affirms the IJ's removal order, Petitioner can then file an action challenging his final removal order with the appropriate court of appeals in the circuit where the removal order was issued under the Real ID Act of 2005.[7]  Thus, our Petitioner can file an

---

[6]This Court does not have to decide the issue of whether Petitioner's financial crime conviction is a crime of violence, as he requests (Doc. 2, p. 3), since this issue is for the IJ and BIA to decide, and the Court of Appeals thereafter.  *See Juarez-Vasquez v. Holmes*, 2000 WL 1705775 * 1 (E.D. Pa.).

[7]This Court in *Soyemi v. Chertoff*, No. 05-mc-145, p. 2 (M.D. Pa.), (May 26, 2005 Order, J. McClure), stated as follows:

action with the appropriate appeals court challenging his removal order under the Real ID Act if and when it is entered by the Immigration Court.

As stated, Petitioner does not indicate if BICE commenced removal proceedings against him as of the date of the filing of his instant Motion. BICE cannot remove Petitioner until his federal sentence has been completed, and Petitioner cannot compel BICE to remove him before he serves his sentence. *See Perez v. INS*, 979 F. 2d 299 (3d Cir. 1992); *Medina v. U.S.*, 785 F. Supp. 512, 514 (E.D. Pa. 1992) (an alien prisoner "cannot by mandamus or any other medium compel INS to deport her prior to the completion of her custodial sentence").

Moreover, recently the Court in *Escobar v. DOJ*, 2005 WL 1060635, *1 (E.D. Pa.), held that a Petitioner "is precluded from bringing an action such as this seeking to compel removal proceedings." Our Petitioner is, in essence, seeking this Court to determine if his federal conviction can serve as the basis for the initiation of removal proceedings against him sometime in the future,

---

On May 11, 2005, the Real ID Act was signed into law. Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief 2005, Real ID Act of 2005, Pub.L.No. 109-13 (May 11, 2005) ("Real ID Act"). Section 106 of the Real ID Act amends section 242 of the Immigration and Nationality Act (INA) so as to strip this court of jurisdiction to hear habeas corpus petitions that challenge final orders of removal. Real ID Act, § 106(a)(1) (adding INA § 242(a)(5) (to be codified at 8 U.S.C. § 1252(a)(5)).

The proper venue for a petition for review is the court of appeals for the judicial circuit in which the immigration judge completed the petitioner's proceedings. 8 U.S.C. § 1252(b)(2).

The *Soyemi* Court concluded that "[b]ecause we no longer have jurisdiction to hear habeas corpus petitions challenging final orders of removal we transfer this case to the Untied States Court of Appeals for the Third Circuit." *Id.*, p. 1.

once he serves his sentence, and to compel BICE to lift its detainer by finding that his conviction was not for an aggravated felony. Thus, our Petitioner can be deemed as seeking to compel removal proceedings insofar as he requests this Court to determine first hand if his federal conviction qualifies as an aggravated felony which would subject him to removal.

Petitioner cites to *Soler v. Scott*, 942 F. 2d 597 (9th Cir. 1991), to support his contention that mandamus is the appropriate means to compel BICE to correct its legal wrong, *i.e.* his financial crime conviction is not an aggravated felony and as such it cannot serve as the basis for the detainer BICE filed and cannot be "grounds for a possible removal/deportation." (Doc. 2, pp. 2-3). The *Escobar* Court noted that *Soler* "is no longer good law for two reasons." *Id.*, n. 3. The Court stated that:

> First, as stated in *Campos v. INS*, 62 F.3d 311 (9th Cir. 1995), the holding in *Soler* was superseded by § 225 of the Immigration and Nationality Technical Corrections Act of 1994, which "expressly bars actions for 'substantive or procedural' relief under" section 701 of the IRCA. *Campos*, 62 F.3d at 314. Second, the new (and now in force) § 1231(a)(4)(D), which expressly prohibits claims "to compel . . . consideration for release or removal of any alien," was not in effect at the time of the *Soler* decision.

*Id.*

The *Escobar* Court stated that it is the Attorney General's decision to remove an alien and ordinarily the Attorney General may not remove an alien until his custodial sentence is completed. *Id.* Additionally, the Court indicated that "[n]o cause or claim may be asserted under this paragraph against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien." 8 U.S.C. § 1231(a)(4)(D).

Thus, *Soler* does not support our Petitioner's Motion.

Even if our Petitioner claimed that the Interstate Agreement on Detainers ("IAD") entitled him to relief by requiring proceedings on detainers be commenced within 180 days of the date Petitioner requests such proceedings, the *Escobar* Court stated that "civil detainers filed by immigration authorities have been held to not fall within the terms of the IAD." *Id*. The Court also stated that "an immigration detainer is neither an indictment nor an information nor a complaint." *Id*. (Citation omitted).

Finally, if Petitioner's present Petition was deemed as a habeas petition under § 2241, "it would have to be dismissed, because the lodging of a detainer does not put Petitioner 'in custody' under § 2241." *Id*., *2 (citations omitted).

Therefore, we shall recommend that Petitioner's Motion for Writ of Mandamus be denied.

## III. Recommendation.

Based on the foregoing, it is respectfully recommended that Petitioner's Motion for Writ of Mandamus (Doc. 1) be denied.

    **s/ Thomas M. Blewitt**
    **THOMAS M. BLEWITT**
    **United States Magistrate Judge**

**Dated: June 9, 2005**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FOUSSEYNI DOUMBIA, | : | CIVIL ACTION NO. **1:CV-05-1118** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **June 9, 2005.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                              **s/ Thomas M. Blewitt**
                                              **THOMAS M. BLEWITT**
                                              **United States Magistrate Judge**


**Dated: June 9, 2005**